UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH B. LAHEY, | ) | |
| | ) | NO. |
| plaintiff, | ) | |
| | ) | JUDGE: |
| v. | ) | |
| | ) | MAGISTRATE JUDGE: |
| AT&T SERVICES, INC., a foreign | ) | |
| corporation, | ) | (JURY DEMANDED) |
| | ) | |
| defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, JOSEPH B. LAHEY, by his attorney, TIMOTHY A. BRIDGE and, as and for his complaint against defendant, AT&T SERVICES, INC., alleges and states as follows:

## NATURE OF ACTION, JURISDICTION AND VENUE

1.      This is an action for equitable relief and damages for discrimination in employment on the basis of physical disability and retaliation in violation of the Americans With Disabilities Act, as amended, 42 U.S.C. 12101 et.seq. (ADA) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-(3).

2.      This court has jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. §§1331, 1337 and 1343.

3.      Venue properly lies in the Northern District of Illinois pursuant to 42 U.S.C. 2000e-5(f)(3) in that the employment actions alleged to be unlawful occurred within this judicial district.

## PARTIES

4.      Plaintiff, Joseph B. Lahey, is a citizen of the United States and resident of DuPage County, Illinois.

5.      Defendant, AT&T Services, Inc. ("AT&T") is a Delaware corporation doing business in the State of Illinois and, at all times relevant, employed at least fifteen employees and is a covered entity and employer within the meaning of the ADA.  42 U.S.C. §12111(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      All conditions precedent to plaintiff's claims of discrimination in employment have occurred or been complied with in that a timely administrative charge alleging disability discrimination was filed with the Equal Employment Opportunity Commission (EEOC) on December 11, 2012 (Charge No. 440-2013-00994).

7.      On September 6, 2013, the EEOC issued Notice of Right-to-Sue.  This complaint is filed within (90) days of issuance of such notice.  (A copy of the Notice of Right-to-Sue is attached hereto as Exh. A).

## FACTS COMMON TO ALL COUNTS

8.      Plaintiff was employed by AT&T as an Installation and Repair Technician during the period June 12, 1995 through June, 2012 assigned to the Schaumburg Garage facility.

9.      Plaintiff's principle job duties included installation of telephone service and equipment to both residential and commercial customers of AT&T in the western suburbs of Chicago, Illinois.

10.      On or about April 13, 2011, plaintiff suffered a heart attack and underwent open heart surgery, including insertion of a pacemaker.

11.     Following rehabilitation, plaintiff was released to work during February, 2012 with restrictions (i.e., no lifting over fifty pounds, no working in proximity to high power lines and no working on high ladders).  Upon his release for work, plaintiff was initially assigned to AT&T's Midwestern Center facility located in Hoffman Estates, Illinois and assigned to perform clerical duties including the scheduling and monitoring of customer service appointments.

12.     During the period March 15, 2012 through June 17, 2012, plaintiff applied for numerous open positions for which he was qualified, either with or without accommodation, including telephone and equipment installer in three Official Company Service (OCS) facilities located in Wheeling, Northbrook and Antioch, Illinois.

13.     Although plaintiff was fully qualified for each OCS vacancy, he was not interviewed or placed into any of these vacant positions.

14.     In addition to the OCS vacancies, plaintiff also applied for several additional open positions for which he was qualified including Installation and Maintenance Manager in Villa Park, Illinois; U-Verse Manager in Schaumburg, Illinois; Central Office Manager in Oakbrook, Illinois; and Engineering Assistant in Hoffman Estates, Illinois.

15.     Although plaintiff was fully qualified for each of these additional vacancies, he was not interviewed or placed into any of these vacant positions.

16.     On or about June 26, 2012, plaintiff was terminated by defendant due to his physical disability.

17.     Plaintiff has not been afforded any employment opportunities by defendant subsequent to his termination on June 26, 2012.

## COUNT I
## <u>VIOLATION OF THE AMERICANS WITH DISABILITIES ACT</u>

18.    Plaintiff repeats and realleges ¶¶1-17 as if fully set forth in this Count I.

19.    Under the ADA, it is an unlawful employment practice to discriminate against an individual with a disability with respect to job application procedures, hiring, advancement, compensation, training or discharge from employment.  42 U.S.C. 12112(a).

20.    Disability under the ADA includes those who; (a) have a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) have a record of such impairment; and/or (c) are perceived or regarded as having such an impairment.  42 U.S.C. §12102(2); 29 C.F.R. §§1630.2(k); 1630.2(l).

21.    Plaintiff is and was, at all times relevant, a qualified individual with a disability within the meaning of the ADA in that he was able to perform the essential functions of each vacancy he applied for subsequent to his return to duty in February, 2012.

22.    Under the ADA, defendant is obliged to appoint plaintiff to a vacant position for which he is qualified, absent a showing of hardship or other lawful excuse.

23.    Defendant failed and refused to reasonably accommodate plaintiff by appointing him to open positions for which he was qualified, either with or without accommodation, based upon his disability, record of impairment or perception of his impairment in violation of the ADA.

24.    Plaintiff's appointment to open positions for which he was qualified did not constitute an undue hardship to defendant or its business operations.

25.    Defendant also terminated plaintiff based upon his disability, record of impairment or perception of his impairment in violation of the ADA.

26.    Defendant's failure to reassign plaintiff to vacant positions for which he was qualified, either with or without accommodation, and the discharge of plaintiff was intentional and implemented with reckless disregard to his rights and entitlements under the ADA.

27.    As a proximate result of defendant's unlawful conduct, plaintiff has suffered loss of pay, fringe employment benefits, damage to his career and other economic losses, emotional pain and suffering and other non-economic damages and losses as will be shown according to proof.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

28.    Plaintiff repeats and realleges ¶¶1-27 as if fully set forth in this Count II.

29.    Under the ADA and Title VII, it is an unlawful employment practice to discriminate, retaliate, threaten or interfere with any individual who opposes any practice or act made unlawful under the ADA or because such individual has made a charge or participated in protected and concerted activity under such Acts.  42 U.S.C. §12203(a)(b); 42 U.S.C. 2000e-3.

30.    Notwithstanding the foregoing, defendant failed and refused to appoint plaintiff to open positions for which he was qualified, terminated his employment, and prevented him from all future employment opportunities at AT&T in retaliation for making known his objection to defendant's unlawful personnel practices under the ADA and engaging in protected and concerted EEO activity.

31.    Defendant's actions were willful, intentional and in direct violation of the anti-retaliation provisions of Title VII and the ADA.

32.    As a proximate result of defendant's unlawful conduct, plaintiff has suffered loss of pay, fringe employment benefits, damage to his career and other economic losses, emotional

pain and suffering and other non-economic damages and losses as will be shown according to

proof.

WHEREFORE, plaintiff prays this court enter judgment in his favor and against

defendant as follows:

a) That defendant be enjoined from engaging in unlawful conduct based upon plaintiff's disability and retaliation due to plaintiff's protected and concerted EEO activity;

b) That defendant be ordered to institute and observe personnel practices, policies and programs which provide equal employment opportunities and reasonable accommodation of qualified individuals with disabilities;

c) That defendant be ordered to make plaintiff whole for all back pay, fringe employment benefits and entitlements, accruing subsequent to his termination from employment, together with interest thereon;

d) That defendant be ordered to pay to plaintiff compensatory and punitive damages in the maximum amount allowed by law;

e) That defendant be ordered to pay plaintiff's attorney's fees and costs;

f) Such other and further relief as this court deems just and appropriate under the circumstances of this case.

Respectfully submitted,
**JOSEPH B. LAHEY**,

BY:   /s/_____
Timothy A. Bridge
Plaintiff's Attorney

Timothy A. Bridge
*Attorney at Law*
3N206 Loblolly Lane
St. Charles, IL 60175
(630) 762-1135
(630) 762-1282 (FAX)
tabridge@sbcglobal.net

# EXHIBIT A

EEOC Form 161-B (11/09)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: Joseph B. Lahey | From: Chicago District Office |
|---|---|
| C/o Timothy Bridge<br>Attorney<br>3N206 LOBOLLY LANE<br>Saint Charles, IL 60175 | 500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2013-00994 | Alison Fisher,<br>Investigator | (312) 869-8147 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,    9/6/13
**John P. Rowe,**    *(Date Mailed)*
**District Director**

Enclosures(s)

cc: Marybeth Dunne
EEO Consultant
AT&T SERVICES INC
225 W Randolph St Z1
Room 18D
Chicago, IL 60605