IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH B. LAHEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS BELL TELEPHONE CO. )<br>)<br>Defendant. )<br>)<br>) | No. 13 C 8252 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On January 16, 2014, Plaintiff Joseph Lahey ("Mr. Lahey") filed a two-count "First Amended Complaint" (Dkt. No. 7, "Am. Compl." or "Amended Complaint") against Illinois Bell Telephone Company ("Illinois Bell"), alleging violations of the Americans With Disabilities Act (the "ADA"), 42 U.S.C. 12101 *et seq.* and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-(3). Mr. Lahey contends that Illinois Bell discriminated against him due to a disability (Count I), and retaliated against him for objecting to Illinois Bell's alleged unlawful personnel practices (Count II).

Before the court is Illinois Bell's "Mot. to Dismiss Plaintiff's Retaliation Claim" (Dkt. No. 11, "Def's Mot."). Illinois Bell seeks dismissal of Count II alone, because Mr. Lahey failed to include his retaliation claim in the charge that he filed with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) In response (Dkt. No. 18, "Pl's Resp."), Mr. Lahey argues his retaliation claim survives, because it is "like or reasonably related" to the discrimination claim in his EEOC charge. (*Id.* at 1-4.)

1

For the reasons set forth below, this court denies Illinois Bell's motion to dismiss Count II of the Amended Complaint. (Dkt. No. 11).

BACKGROUND

Mr. Lahey worked at Illinois Bell from 1995 until June 26, 2012 as an installation and repair technician assigned to a facility in Schaumburg, Illinois. (Am. Compl. ¶ 8.) Mr. Lahey's principle job duties included installing telephone service and equipment to residential and commercial AT&T customers in the western suburbs of Chicago, Illinois. (*Id.* ¶ 9.)

On or about April 13, 2011, Mr. Lahey alleges that he suffered a heart attack and underwent open heart surgery, including insertion of a pacemaker. (*Id.* ¶ 10.) Following rehabilitation, Mr. Lahey subsequently was released to work in February 2012 with various restrictions, such as not lifting over fifty pounds, working near high power lines, and working on ladders. (*Id.* ¶ 11.)

According to Mr. Lahey, from March 15, 2012 to June 17, 2012, he applied for numerous positions that he was qualified for, either with or without accommodation, but Mr. Lahey was not interviewed or placed into any of these vacant positions. (*Id.* ¶¶ 12-15.) On or about June 26, 2012, Mr. Lahey alleges that he was terminated due to his physical disability, and he has not been afforded any subsequent employment opportunities with Illinois Bell. (*Id.* ¶¶ 16-17.)

On December 21, 2012, Mr. Lahey filed a charge with the EEOC, Charge No. 440-2013-00994, explicitly alleging only disability discrimination. (Def's Mot., at Ex. A.)[1] Under the heading "Circumstances of Alleged Discrimination", Mr. Lahey only checked the box for "Disability",

---

[1] Mr. Lahey references his EEOC charge in his Amended Complaint (at ¶ 6). Illinois Bell, therefore, argues the court may consider this document in deciding the current motion, because it is central to Mr. Lahey's claim. (Def's Mot. at 2 n.2.). Mr. Lahey fails to respond to this argument, and even quotes from the EEOC charge. (Dkt. No. 18, Pl's Resp., at 3.) The court, consequently, finds that Mr. Lahey has waived any rebuttal. *See, e.g.*, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461,466 (7th Cir. 2010) (holding appellant's "failure to respond" to argument "leads us to conclude that they have waived any argument" and "leaves [] no choice but to accept" appellees argument).

leaving the box for "Retaliation" unchecked. (*Id*.) In addition, where the charge asks Mr. Lahey to provide "The Particulars" of his claim, he states the following:

> I began my employment with Respondent on or about June 12, 1996. My most recent position was Installation and Repair Technician. Respondent was aware of my disability. During my tenure, I requested a reasonable accommodation, which was not provided. On or about June 26, 2012, I was discharged. I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

(*Id*.)

On September 6, 2013, the EEOC issued a Notice of Right-to-Sue, and Mr. Lahey brought his complaint, in this action, within 90 days of the issuance of this notice. (Am. Compl. ¶¶ 6-7, Ex. A.) Even though the EEOC charge omitted an explicit retaliation claim, Mr. Lahey brought a retaliation claim (Count II) against Illinois Bell in this action. (Am. Compl. ¶¶ 28-32.)

## LEGAL STANDARD

Failure to file a proper EEOC charge is properly raised in a motion to dismiss for failure to state a claim, not as a motion to dismiss for lack of subject matter jurisdiction. *Wamack v. Windsor Park Manor*, 836 F.Supp.2d 793, 797 (N.D. Ill. 2011) (Lefkow, J.) (citing *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). Accordingly, the court considers the entirety of Illinois Bell's motion under the legal standard for Fed. R. Civ. P. 12(b)(6).

When deciding a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole v. Milwaukee Area Tech. Coll.*, 634 F.3d 901, 903 (7th Cir. 2011). A complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

However, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

3

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Though "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole*, 634 F.3d at 903. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

As mentioned above, Illinois Bell argues that Mr. Lahey did not include a retaliation claim in his EEOC charge, and therefore this claim must be dismissed, because Mr. Lahey failed to exhaust his internal remedies. (*Id*. at 1.) A plaintiff generally may not bring claims under Title VII or the ADA that were not originally in a charge to the EEOC. *Peters v. Renaissance Hotel Operations Co.*, 307 F.3d 535, 550 (7th Cir. 2002). This rule "affords an opportunity for the EEOC to settle the dispute between the employee and employer and puts the employer on notice of the charge against it." *Id*.

Illinois Bell is correct that there is no explicit retaliation claim in Mr. Lahey's EEOC charge. (Def's Mot. at 6.) As discussed above, *see supra* at 2-3, Mr. Lahey only checked the box for "Disability", while leaving the box for "Retaliation" unchecked. (Def's Mot., at Ex. A.) In summarizing his claim, Mr. Lahey only explicitly alleged that he was discriminated against on the basis of his disability, while never unequivocally stating he experienced retaliation. (*Id*.)

The Seventh Circuit, however, has allowed plaintiffs to proceed on retaliation claims not provided in a discrimination charge, if the claim is: (1) "like or reasonably related to the EEOC charges"; and (2) "reasonably could be expected to grow out of an EEOC investigation of the charge." *Id*. To satisfy these requirements, "the EEOC charge and the complaint must, at a

4

minimum, describe the *same conduct* and implicate the *same individuals*." *Id*. (emphasis in original).

Mr. Lahey is correct that his retaliation claim satisfies the above requirements to exempt his retaliation claim from appearing in the EEOC charge. (Pl's Resp. 1-4.) While setting forth his discrimination claim in his EEOC charge, Mr. Lahey first states that "[d]uring my tenure, I requested a reasonable accommodation, which was not provided", and in the next sentence that "[o]n or about June 26, 2012, I was discharged." (Def's Mot., at Ex. A.) And, while alleging his retaliation claim in his Amended Complaint, Mr. Lahey states that he made "known his objection to defendant's unlawful personnel practices under the ADA", which included Illinois Bell's failure to accommodate his disability. (*Id*. ¶ 30.)[2]

Simply put, Mr. Lahey's discrimination claim in his EEOC charge and his retaliation claim in the Amended Complaint are substantially similar—both allege that Mr. Lahey requested accommodation from Illinois Bell and was denied such accommodation. Both also allege Mr. Lahey was fired shortly thereafter. It would be illogical to read the EEOC charge or the Amended Complaint's retaliation claim in any other way. Consequently, it makes little sense to find the two counts in Mr. Lahey's Amended Complaint not reasonably related, capable of being developed in tandem, or involving the same conduct (described above) and individuals (Illinois Bell and Mr. Lahey).

According to Illinois Bell, the above exceptions cannot save Mr. Lahey's retaliation claim, because his EEOC charge does not contain any allegations Mr. Lahey engaged in protected activity leading to retaliation. (Def's Mot. at 5-6 (citing *Peters*, 307 F.3d at 550-51).) The Seventh Circuit has held that a plaintiff's "failure to mention any type of protected activity" precludes relying on an EEOC charge, containing a discrimination claim, to form the basis of a

---

[2] Much of Mr. Lahey's complaint is dedicated to Illinois Bell's failure to accommodate him (Am. Compl. ¶¶ 12-15), which Mr. Lahey incorporates into his retaliation claim by reference, (*id*. ¶ 28).

retaliation claim in a subsequent lawsuit. *Peters*, 307 F.3d at 550-51; *see also Spendal v. Illinois-American Water Co.*, No. 12-3406, 2013 WL 1285593, at *2 (N.D. Ill. Mar. 27, 2013) (Lefkow, J.) (dismissing Title VII retaliation claim where plaintiff's "EEOC charge omits any reference to her having engaged in a protected activity and suffering an adverse employment action as a result.")

In response, Mr. Lahey correctly argues that his request for accommodation was a protected activity. (Pl's Resp. at 2-3.) Under the ADA's retaliation provision, "[n]o person shall discriminate against any individual because such individual has *opposed any act or practice made unlawful by this Act* or because such an individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." 42 U.S.C. § 12203(a) (emphasis added). As discussed above, Mr. Lahey alleges that he opposed Illinois Bell's failure to reasonably accommodate him, for positions he was otherwise qualified, and was fired as a consequence in short order. (Am. Compl. ¶¶ 12-15, 28, 30.) If true, such an act or practice is clearly unlawful under the ADA. *See, e.g.*, *Brumfield v. City of Chicago*, 735 F.3d 619, 632 (7th Cir. 2013) ("[A]n employer engages in unlawful disability discrimination when it fails to provide reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual." (quoting 42 U.S.C.§ 12112(b)(5)(A))).

The court has considered Illinois Bell's other arguments that Mr. Lahey failed to allege a protected activity and is unpersuaded by them. (Dkt. No. 18, Def's Reply at 2-3.) Illinois Bell argues that Count II should be dismissed, because the argument Mr. Lahey sought reasonable accommodation is inconsistent with his statements in the Amended Complaint. (*Id.*) As the court discussed above, the Amended Complaint contains allegations that Mr. Lahey experienced retaliation after his request for a reasonable accommodation. *See supra* at 5.

Illinois Bell, additionally, argues that Count II must fail, because the Seventh Circuit has not explicitly held that requesting a reasonable accommodation constitutes protected activity for a retaliation claim. (Def's Reply 3.) Even assuming Illinois Bell is correct that the Seventh Circuit has not reached the above issue, Illinois Bell's argument misses the mark. Mr. Lahey claims that he opposed Illinois Bell's failure to accommodate him, (Am. Compl. ¶¶ 12-15, 28, 30), which is clearly a protected activity under 42 U.S.C.§ 12112(b)(5)(A) (defining discriminating against a qualified individual as "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity").

## CONCLUSION

For the forgoing reasons, Illinois Bell's Motion to Dismiss (Dkt. No. 11) Count II of Amended Complaint (Dkt. No. 7) is denied. Even though Mr. Lahey's retaliation allegations were not explicitly contained in his EEOC charge, his retaliation claim in this action is reasonably related to and could reasonably be expected to grow out of his discrimination claim in the filed EEOC charge. Mr. Lahey's discrimination allegations also contain a protected activity, namely opposing Illinois Bell's failure to accommodate Mr. Lahey's alleged disability.

ENTER:

*James F. Holderman*
_____
JAMES F. HOLDERMAN
United States District Judge

Date: May 9, 2014